FILED 89
Honorable Wayne K. Rieschel Prosecuting Attorney, Dallas County Box 389 Buffalo, Missouri 65622
Dear Mr. Rieschel:
This opinion is in answer to your following question:
 "Is the County Court required by Section 231.020
to appoint at least one overseer for each road district established by the County Court in accordance with Section 231.010, or may one overseer serve two road districts by order of the County Court?"
These questions arose from the following fact situation which you described in your request:
 "Our county court ordered one overseer to serve both our road districts. The South Judge of the county court opposed this move. Many South district road residents have complained to me and the county court that this procedure is not in accordance with law."
Dallas County is a third class county not under township organization form of government. Section 231.020, RSMo, provides as follows:
 "In all counties of classes two, three and four not adopting an alternative form of county government, all road overseers shall be appointed by the county court of the county during the month of February."
The primary question is whether the county court can appoint one road overseer to serve two road districts. We have researched the statutes of Missouri and find no statutory provision prohibiting the appointment of one road overseer to two road districts in the same county wherein the road overseer is appointed under Section231.020, RSMo. Thus, we must look to common law principles as to the compatibility of the same person holding essentially two different offices simultaneously.
The Missouri Supreme Court has elaborated on the compatibility of the same person holding two different offices simultaneously. In State ex rel. Walker v. Bus, 36 S.W. 636, 639 (Mo.Banc 1896), as stated by the court, the general rule is:
 ". . . At common law the only limit to the number of offices one person might hold was that they should be compatible and consistent. The incompatibility does not consist in a physical inability of one person to discharge the duties of the two offices, but there must be some inconsistency in the functions of the two, — some conflict in the duties required of the officers, as where one has some supervision of the others, is required to deal with, control, or assist him. . . ." (Emphasis added)
The same principle was stated in the case of State ex rel.McGaughey v. Grayston, 163 S.W.2d 335, 339-340 (Mo.Banc 1942):
 ". . . The settled rule of the common law prohibiting a public officer from holding two incompatible offices at the same time has never been questioned. The respective functions and duties of the particular offices and their exercise with a view to the public interest furnish the basis of determination in each case. Cases have turned on the question whether such duties are inconsistent, antagonistic, repugnant or conflicting as where, for example, one office is subordinate or accountable to the other.
 "The rule against holding incompatible offices is founded upon principles of public policy. . . ."
In Attorney General Opinion No. 12 issued January 24, 1941, this office was of the opinion that a person may hold both the office of county surveyor and road overseer at the same time. The common law principles as previously described were applied in absence of the statutory prohibition. Again, the main consideration was to ascertain whether there was an incompatibility between the two offices.
In examining statutory duties of road overseers in counties of the third and fourth class not adopting an alternative form of county government, it is apparent that the road overseer makes monthly reports to the county highway engineer or to the county clerks in counties that have no highway engineer. Section 231.050, RSMo. He is required to make detailed reports to and a settlement with the county court. Section 231.060, RSMo. He is required to keep roads in repair in the road district as funds permit while at all times conforming to the plan, specification, and instructions of the county highway engineer for the character of the work in question. Section 231.070, RSMo. Even where the overseer is authorized to contract for ditching and draining, he must obtain approval from the county highway engineer prior to authorizing a contract with any owner of land adjacent to the line of the public road for the purpose of opening a ditch or ditches for the drainage of the road or to procure any necessary material for road purposes and to pay reasonable compensation therefor. Section231.080, RSMo.
The point of this discussion is that the road overseer's duties in two districts in the same county would not be incompatible inasmuch as no overseer has any control or supervision over any other overseer in the county.
It is further significant that prior to 1945 Section 231.020
read in part as follows:
 "All road overseers shall be appointed by the county court of the county at the February term of said court. No person shall be eligible to the office of road overseer, except he be a citizen of the road district. . ." (Emphasis added) (Section 8516, RSMo 1939)
There is no such requirement currently under Section 231.020. However, in road districts within township organizations under Section 231.170, RSMo, the language clearly requires that the person appointed to the office of road overseer shall be a citizen of the township from which he is appointed. Changes in Section231.020 as a result of the amendment in 1945 manifests the legislative intent not to require a road overseer to be a citizen of the road district for which he may be appointed.
Furthermore, we find nothing in Sections 231.010 through 231.140, RSMo, which would prohibit the county court from appointing the same overseer for two road districts in counties of classes two, three, and four not adopting an alternative form of county government.
CONCLUSION
It is the opinion of this office that the county court of a third class county not under township organization form of government may appoint one road overseer for two common road districts.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 12 Brown, 1-24-41